UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:16CR89-PPS |
| ) | (Associated Civil No. 2:20CV401-PPS) |
| ) | |
| SERGIO GARCIA, SR., ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Sergio Garcia, Sr. entered a plea of guilty to Count One of the 12-count indictment in this case, a charge of conspiracy to commit mail fraud involving his real estate business and offers to buy more than 40 homes from the U.S. Department of Housing and Urban Development. The plea of guilty occurred without the benefit of a plea agreement. At the change of plea hearing [DE 100 at 14], Garcia admitted that he engaged in a conspiracy as charged in Count One with these purposes:

> To purchase homes by providing false information to HUD and to simultaneously sell homes under contract with HUD to other buyers at a profit;...[t]o thwart HUD's ability to sell homes to others after the conspirators' contracts to purchase HUD homes had expired; and ...[t]o receive money from other interested buyers of HUD homes after the conspirators' contracts to purchase HUD homes had expired.

[DE 1 at ¶15.][1] The means of the scheme included "creating fake letters purporting to evidence lines of credit and causing the letters to be mailed to HUD, placing 'for sale'

---

[1] Defendant's son, Sergio Garcia, Jr., was named as his co-conspirator. Any unspecified use of "Garcia" in this opinion will refer to Sergio Garcia, Sr.

signs on HUD-owned properties, filing false liens on properties after contracts to purchase them from HUD had expired, and requesting to receive money in exchange for releasing the false liens." [*Id.* at ¶16.] At sentencing, the government moved to dismiss the remaining counts. [DE 153, 155.] After two previous days of evidentiary hearings, and with a finding that the fraud conspiracy resulted in an actual loss between $500,000 and $1,000,000, I sentenced Garcia, Sr. to 70 months' imprisonment. [DE 165 at 9, 153, 167.] Now before me is Garcia, Sr.'s Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. [DE 240.]

## §2255 Standards

Section 2255(a) authorizes relief where a prisoner demonstrates "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Seventh Circuit has observed that this is a high bar: "Relief under §2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)).

All three of Garcia's grounds for relief are claims of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a criminal defendant a right to the effective assistance of counsel for his defense. *Burkhart v. United*

2

*States*, 27 F.4th 1289, 1295 (7th Cir. 2022).  In order to obtain relief for a violation of this right, Garcia must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and that "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  If either of these prongs cannot be met, the claim fails, and I am not required to address both prongs if either is deficient.  *Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021).

"To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011).  This deference must guide my analysis of counsel's performance on the first prong of the *Strickland* test.  As to the second prong, prejudice to the defense requires a showing that "there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013).  More particularly, to establish prejudice where a defendant has entered a plea of guilty, he must "demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "In the plea bargaining context, reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a

3

likely sentence, and communicate the results of that analysis before allowing his client to plead guilty." *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016), quoted in *Harris v. United States*, 13 F.4th 623, 631 (7th Cir. 2021).

## Ground One:  Plea Advice

Garcia's first ground for relief is that he "was not advised that if he pleaded guilty that he could be charged with an additional loss amount that would substantially increase his sentencing range." [DE 240 at 3.]  Garcia indicates that his discussions with counsel were based upon an "agreed-upon loss of $550,000." [*Id*.]  As both a factual and legal matter, Garcia's argument cannot succeed.  Here's why.

Garcia is right that the most significant factor in arriving at the appropriate term of imprisonment was the amount of loss attributable to the fraud conspiracy.  But my ultimate determination of that issue was, for sentencing purposes, in accord with the $550,000 figure Garcia invokes.   At sentencing, I *accepted the defendant's position* that the actual loss from the fraud included $496,389.79, which was the sum of the sales prices that HUD ultimately received for 87 properties identified as impacted by the conspiracy, minus the earnest money that the defendants had paid.  [DE 165 at 9.]  Then I considered that the loss must reasonably include substantial maintenance costs that HUD incurred attributable to the bogus liens the conspirators placed on properties. [*Id*.]  The resulting loss range of between $500,000 and $1,000,000, yielded a 14-point increase to the base offense level under the sentencing guidelines, and ultimately an advisory guidelines imprisonment range of 70 to 87 months. [DE 165 at 10, 11.]  I did

4

not sentence Garcia, Sr. on the basis of the $3.7 million intended loss advocated by the government, but instead worked with the figure advocated by the defense. [DE 165 at 4-6.] So the prison term I imposed was actually the bottom of the range under the sentencing guidelines, even using the "agreed-upon" figure Garcia now claims.

Viewed against this background, Garcia fails to demonstrate that his attorney's performance was defective, or that he was prejudiced by it. Because Garcia says his discussions with counsel projected a loss amount of $550,000, and his sentence was later based on the guidelines that would apply to that figure, Garcia cannot credibly claim that he would not have pleaded and would have insisted on going to trial if he'd been told that the government might advocate for a higher loss amount.

This is particularly so in light of my colloquy with Garcia at his change of plea hearing on the subject of sentencing expectations. After Garcia acknowledged that his attorney had tried to estimate where his case might fall under the guidelines, I advised him:

> Now, do you understand that I won't be able to know precisely what the guideline range for your case will be until a presentence report has been completed by somebody from the probation department? .... I tell you these things so that you understand that the sentence that's ultimately imposed upon you, it could be different than any estimate your lawyer may have given you.

[DE 100 at 8-9.] I went on to warn Garcia that the guidelines are merely advisory and that I would be "free to disregard the guidelines and to give you a sentence that's either more severe or less severe than what the guidelines actually call for." [*Id*. at 9.] Speaking very plainly, I obtained Garcia's acknowledgment that "if the sentence is

5

more severe than you expect it to be, you're still going to be bound by your plea, and you're going to have no right to withdraw it." [*Id*. at 10.]

Garcia's acknowledgment that he knew and understood these things binds him now. "Voluntary responses made by a defendant under oath before an examining judge ... are binding." *United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010). "[T]he defendant's statements at a plea colloquy are presumed to be true." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). And "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing – the latter are presumed true." *United States v Mosley*, 35 F.3d 569 (7th Cir. 1994)[Table].

Garcia does not address Ground One in his reply brief. [DE 264.] Because he demonstrates neither deficient performance by his attorney, nor prejudice from any insufficiency or error in counsel's pre-plea advice, Ground One is without merit.

### Ground Two: Expert Witness on Amount of Loss

Garcia next argues that his counsel was ineffective for failing to secure an expert witness to support the defense theory of the amount of loss at sentencing:

> The sole issue before the court would be the loss amount, yet, defense counsel, a seasoned, experienced attorney failed to prepare for that hearing by retaining an expert witness. Time and again the Court struggled to understand the confusing loss theory put forth by the government, but in the absence of a competing analysis put forward by defense counsel, was given nothing else to choose from other than the government's version.

6

[DE 240 at 5-6.] This argument is perplexing since, as I noted above, *I sided with the defense* on the loss amount issue. This makes it impossible for Garcia to establish prejudice under the *Strickland* analysis.

Garcia's claim fares no better on the deficient performance prong. In connection with a failure to call an expert witness, "[f]or counsel's performance to be found deficient, the defendant must demonstrate that an expert capable of supporting the defense was reasonably available at the time of trial." *Ellison v. Acevedo*, 593 F.3d 625, 634 (7th Cir. 2010). Only with his reply does Garcia supply emails sent to his counsel in which Garcia identified the potential expert witnesses he now cites in support of his ineffective assistance claim. [DE 264 at 8.][2] For starters, arguments made only in reply are waived. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). But even with the belated identification of potential witnesses, Garcia's treatment of the issue is too scanty. And perfunctory and undeveloped arguments are likewise waived. *Id.*, citing *United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009).

As the government correctly observes Garcia fails to identify "any particular expert who was available at the time, and further fails to explain the testimony said expert could have offered that would have led to a significantly lower sentence." [DE 253 at 11.] *United States v. Anderson*, 61 F.3d 1290, 1298-99 (7th Cir. 1995) (rejecting ineffective assistance claim where defendant fails to show how witnesses would have

---

[2] Garcia claims to have provided the same exhibits earlier with his original petition, but the court file does not reflect that. [DE 264 at 3.]

testified or how they could have changed the result in the case). *See also Yang v. Pollard*, 202 Fed.Appx. 134, 137 (7th Cir. 2006) ("In federal court, Yang cannot simply state that a putative witness's testimony would have been favorable because speculation alone cannot support an ineffective-assistance claim."), and *United States v. Asimi*, 932 F.2d 643, 650 (7th Cir.1991) (stating that evidence about testimony of putative witness must be presented in form of actual testimony or affidavit). Without presenting the wished-for testimony in detail, Garcia cannot demonstrate that his counsel's failure to offer the testimony was deficient performance because I cannot make an accurate assessment of the potential value of the evidence to Garcia's case. Without a showing of either prejudice or deficient performance, Ground Two is without merit.

### Ground Three: Failure to File a Notice of Appeal

Lastly Garcia faults his counsel for failing to file a notice of appeal. [DE 240 at 7.] But counsel did file a notice of appeal after the entry of judgment. [DE 157.] And the appeal was later terminated by Garcia himself. The government has filed a copy of Garcia's Motion of Appellant to Dismiss Appeal [DE 253-1 at 1], and the supporting Waiver of Right to Appeal signed by Garcia [*id*. at 4-5]. The Seventh Circuit dismissed the appeal on Garcia's motion. [DE 170-1.] In view of the obvious lack of merit of Garcia's Ground Three, he has not further addressed it in his reply. [DE 264.]

### Supplemental Filing by Garcia

Well after Garcia's reply brief, he submitted what he titled "Information to be Taken Into Consideration with Pending and Fully Briefed 2255." [DE 280.] The filing

8

was untimely, and Garcia did not seek or obtain leave to file it. Its contents discuss comparative sentences imposed on other fraud defendants and an update on the COVID-19 pandemic's impact on Garcia's place of incarceration. None of this information is relevant to the standard for relief under §2255. Instead, it suggests arguments more pertinent to motions for compassionate release under 18 U.S.C. §3582(c)(1)(A). Garcia's efforts to avoid his term of imprisonment have included seven of those already. [DE 186, 199, 214, 239, 246, 261, 283.] The arguments are out of place here and similarly unsuccessful when offered in the §2255 context.

## Conclusion

Sergio Garcia Sr.'s arguments fall well short of a demonstration that there was any violation of his right to effective representation that would entitle him to relief under §2255. Because I find that Garcia has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under §2255, I will also deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If Garcia wishes to appeal this Opinion and Order denying his §2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**ACCORDINGLY:**

Sergio Garcia, Sr.'s Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 [DE 240] is DENIED, and a certificate of appealability is also DENIED.

**SO ORDERED**.

ENTERED: July 18, 2022.

                                               /s/ Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT